D-E-W FOODS CORPORATION v. TUESDAY'S OF WILMINGTON, INC., GEORGE HARRISS, J. B. GERALD, AND RAYMOND G. BARTO

No. 7510SC918

(Filed 2 June 1976)

1. **Rules of Civil Procedure § 56— genuine issues of fact — essential element of claim missing — summary judgment proper**

    Even where the record discloses that there are genuine issues of fact, if the uncontroverted facts show an essential element of plaintiff's claim is non-existent, defendants are entitled to judgment as a matter of law and summary judgment is appropriate.

2. **Unfair Competition — similar restaurants — distance between restaurants — dissimilar names — no unfair competition**

    In an action to enjoin defendants from operating a certain restaurant and for damages for defendants' allegedly unfair competition in the operation of the restaurant, summary judgment was properly entered for defendants where the uncontroverted facts demonstrated

that the public could not be deceived into believing that they were patronizing one of plaintiff's "Darryl's" restaurants when they ate at defendants' restaurant, "Tuesday's"; moreover, even if the defendants' restaurant was so designed both in its interior and exterior and its business operation as to resemble either one or more or all of plaintiff's restaurants, the distance of 117 miles between the defendants' restaurant and the nearest "Darryl's" restaurant coupled with the conspicuous and admittedly dissimilar name removed as a matter of law any possibility that the defendants were palming off their restaurant as one of the "Darryl's" family of restaurants.

APPEAL by plaintiff from *McKinnon, Judge.* Judgment entered 20 June 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 10 March 1976.

This is a civil action wherein the plaintiff, D-E-W Foods Corporation, seeks to enjoin the defendants, Tuesday's of Wilmington, Inc., George Harriss, J. B. Gerald, and Raymond G. Barto, from operating a certain restaurant, "Tuesday's," in Wilmington, North Carolina, and asks for damages, both compensatory and punitive, for the defendants' alleged unfair competition in the operation of the restaurant.

In its complaint, plaintiff alleges that it owns and operates several restaurants in North Carolina called "Darryl's." There are two in Raleigh, "Darryl's 1906" and "Darryl's 1849," one in Greenville, "Darryl's 1907," and one under construction in Greenbsoro. Each of the restaurants is "distinctive and unique," being specially designed and constructed in a tavern atmosphere and incorporating many unusual architectural, construction, and "design features, fixtures, and furnishings." Because of their location in metropolitan areas and near university campuses, plaintiff alleges that the restaurants serve people from all over North Carolina, including New Hanover County, that such patronage is a substantial part of the overall business of the plaintiff, and that the reputation of the restaurants is well known throughout the State. "The distinctively constructed and designed restaurant buildings and premises of the plaintiff serve to identify the restaurant business of the plaintiff and are associated in the minds of the public with the restaurant business of the plaintiff."

Plaintiff alleges further that the defendants, Harriss, Barto, and Gerald, caused to be organized Tuesday's of Wilmington, Inc., for the purpose of carrying on a restaurant business. In the fall of 1973, they opened a restaurant called "Tuesday's" in Wilmington.

"In the construction of the restaurant building in Wilmington, North Carolina, the defendants deliberately copied and imitated the architectural, construction and design features, including fixtures and furnishings, of the restaurants of the plaintiff in Raleigh and Greenville, North Carolina, so that the restaurant of the defendant in Wilmington is virtually identical in appearance, decor and design, both exterior and interior, to the restaurants of the plaintiff.

The defendants serve in their restaurant similar food and beverage items, which are described in their menu in a similar manner, to those served in the restaurants of the plaintiff, and the overall operations of the restaurant of the defendants are imitative and patterned after the restaurant operations of the plaintiff."

The acts of the defendants in copying and imitating the restaurant design and operation of the plaintiff's restaurants are alleged to be deliberate and with the intent to deceive and defraud the public so as to confuse the public as to the distinction between the restaurant of the defendants and the plaintiff's restaurants and to induce people "to visit, recommend and refer to the restaurant of the defendants when they intended to visit, recommend and refer to the restaurants of the plaintiff." By causing such confusion, the defendants "are unfairly trading upon and appropriating" the reputation, good will, and business of the plaintiff.

Defendants, in their answer, admit that Tuesday's of Wilmington, Inc., did build and operate the restaurant, "Tuesday's," in Wilmington but deny all other material allegations in the complaint.

After the completion of discovery, the defendants moved for summary judgment. In support of their motion, they submitted affidavits, exhibits, depositions, and answers to interrogatories, which show that there are substantial differences in the exterior design of the "Darryl's" restaurants, and that there are differences in the interior size and design and arrangement of fixtures and decorations of the "Darryl's" restaurants. "Tuesday's" restaurant is dissimilar in several respects from the "Darryl's" restaurants in its size, interior design, and location and nature of fixtures and decorations. It is substantially dissimilar in exterior design to all but the "Darryl's 1849" res-

taurant in Raleigh. "Tuesday's" restaurant is conspicuously labeled as such across the front of the building and on a stagecoach placed in front of the building, and the name "Tuesday's" in itself is not confusingly similar to the name "Darryl's." The name appears on the menus, placemats, beer mugs and matchbooks inside "Tuesday's." "Tuesday's" is 117 miles from the nearest "Darryl's" in Greenville.

Through affidavits, depositions, exhibits, requests for admissions and interrogatories, the plaintiff offers evidence to show that there are numerous common features of interior design and decoration throughout all the "Darryl's" restaurants. "Tuesday's" restaurant utilizes many of these common features of "Darryl's" in its own interior design. There is substantial similarity in the exterior design of "Darryl's 1849" and "Tuesday's." The sign "Tuesday's" on the front of defendants' building is substantially the same in lettering and placement as is the sign on "Darryl's 1849." Plaintiff's evidence further shows that the officers in the defendant corporation had an opportunity, prior to construction of the "Tuesday's" building, to observe the exterior and interior of several "Darryl's" restaurants. Pictures had been taken of the interior of "Darryl's 1906" restaurant and the exterior of "Darryl's 1849" in Raleigh, which were used in designing portions of "Tuesday's."

After considering the evidence, the court entered summary judgment for the defendants. Plaintiff appealed.

*Allen, Steed and Pullen by Thomas W. Steed, Jr., and D. James Jones, Jr., for plaintiff appellant.*

*Mills and Coats by Larry L. Coats and Marshall, Williams, Gorham and Brawley by Lonnie B. Williams and Daniel Lee Brawley for defendant appellees.*

HEDRICK, Judge.

Plaintiff assigns as error the entry of summary judgment for defendants. It contends the record raises genuine issues of material fact.

[1] Even where the record discloses that there are genuine issues of fact, if the uncontroverted facts show an essential element of plaintiff's claim is non-existent, defendants are entitled to judgment as a matter of law and summary judgment is appropriate. *Zimmerman v. Hogg and Allen,* 286 N.C. 24, 209

S.E. 2d 795 (1974). While the record before us discloses that there are issues of fact as to the degree of similarity between the restaurants of plaintiff and defendants, and as to whether defendants have copied the restaurant design of the plaintiff, the following facts are not in controversy:

1. Plaintiff admits that the name "Tuesday's" is not "in and of itself confusingly similar" to the name "Darryl's," and the name "Tuesday's" is conspicuously and extensively used in connection with defendants' restaurant services.

2. Plaintiff's four "Darryl's" restaurants are not of a common size or design relative to each other and are not even substantially similar in exterior design.

3. "Tuesday's" is in Wilmington, 117 miles from the nearest "Darryl's" restaurant in Greenville.

Plaintiff's action for an injunction and damages from the defendants is based on the theory that defendants have attempted to "palm off" or "pass off" their "Tuesday's" restaurant to the public as being owned by or identified with the "Darryl's" family of restaurants. "The underlying principle, which is the foundation of . . . relief in this class of cases, is that one trader shall not compete with another for public patronage by adopting intentionally means adapted to deceive the public into thinking that it is trading with the latter when in fact dealing with the former, and thus palming off his goods as those of another." *Summerfield Co. v. Prime Furniture Co.*, 242 Mass. 149, 155, 136 N.E. 396, 398 (1922). *Accord, Steak House v. Staley*, 263 N.C. 199, 139 S.E. 2d 185 (1964) ; *Cab Co. v. Creasman*, 185 N.C. 551, 117 S.E. 787 (1923). Plaintiff is entitled to protection "to prevent reasonably intelligent and careful persons from being misled" as to the *source* of the business which defendant operates. *Steak House v. Staley, supra. See also, Sears Roebuck and Co. v. Stiffel Co.*, 376 U.S. 225, 11 L.Ed. 2d 661, 84 S.Ct. 784 (1964) ; *Compco. Corp. v. Day-Brite Lighting*, 376 U.S. 234, 11 L.Ed. 2d 669, 84 S.Ct. 779 (1964) ; *Beconta, Inc. v. Larson Industries, Inc.*, 330 F. Supp. 116 (N.D. Ill. 1971).

[2] The uncontroverted facts disclosed here demonstrate that the public could not be deceived into believing that they were patronizing one of "Darryl's" restaurants when they ate at "Tuesday's." Even if the defendants' restaurant is so designed

both in its interior and exterior and its business operation as to resemble either one or more or all of plaintiff's restaurants, we are of the opinion that the distance between the defendants' restaurant and the nearest "Darryl's" restaurant, *Allen's Products Company v. Glover*, 18 Utah 2d 9, 414 P. 2d 93 (1966), coupled with the conspicuous and admittedly dissimilar name, *Steak House v. Staley, supra,* removes as a matter of law any possibility that the defendants are palming off their restaurant as one of the "Darryl's" family of restaurants. Accordingly, the motion for summary judgment was properly granted.

Plaintiff has brought forth one other assignment of error relating to the judge's discretionary rulings made after the granting of summary judgment for the defendants on plaintiff's motions for leave to add additional parties defendant, to amend the complaint, to file supplemental pleadings and to extend discovery. This assignment of error has no merit.

Summary judgment for defendants is affirmed.

Affirmed.

Judges MORRIS and ARNOLD concur.